**Saxton & Stump**
Joel L. Schwartz, Esquire
222 New Rd, Suite 402
Linwood, New Jersey 08221
Phone (609) 677-9454
Facsimile (609) 677-9455
Attorney for Plaintiff, Jeff Lemoine, Executor
    of the Estate of Arnold Lemoine

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In Re: The Estate of Arnold Lemoine** | : Civil Action<br>: DOCKET NO.<br>:<br>:<br>:<br>:<br>:<br>:    *COMPLAINT*<br>:<br>:<br>: |

    Plaintiff, Jeff Lemoine, Executor of the Estate of Arnold Lemoine, ("Plaintiff"), by and through his attorney, Saxton & Stump, Joel Schwartz, Esq., hereby complains of defendant, George Lemoine, and in support thereof avers and alleges as follows:

### THE PARTIES

    1.    At all times relevant hereto, Plaintiff, Jeff Lemoine, Executor, Estate of Arnold Lemoine, (and by extension, Jeff Lemoine and his brother, the sole heirs at law) was/is an estate with a situs in Cumberland County, New Jersey.

    2.    At all times relevant hereto, Defendant, George Lemoine, was/is an individual with a principal residence in Wilmington, Delaware.

### JURISDICTION AND VENUE

    3.    This Court has jurisdiction over this matter in accordance with 28 USC § 1332

because the Complaint seeks monetary relief in excess of the statutory minimum of $75,000.00. The monetary relief sought is approximately $1,250,000.00. There is diversity by and amongst the Plaintiff and the Defendant. Venue is proper in the United States District Court, Camden County.

## I. FACTS COMMON TO ALL COUNTS

1) Jeff Lemoine is a son of Arnold Lemoine (hereinafter "Decedent").

2) Jeff Lemoine is Executor for the estate of the Decedent.

3) Defendant, George Lemoine, is a brother to the Decedent.

4) Defendant served as Executor to the Estate of Mary Lemoine (the "Estate").

5) Mary Lemoine was the mother to both Decedent and Defendant.

6) Mary Lemoine died Testate in the State of New Jersey on or about March 19, 2014.

7) Letters Testamentary were granted to Defendant, as the named Executor in a Last Will and Testament executed by Mary Lemoine.

8) Pursuant to the Last Will and Testament of Mary Lemoine, her Estate was to pass in equal shares to her then living children, Decedent and Defendant.

9) The Estate had a net value of approximately $3,000,000.

10) There is nothing of record to ascertain whether Defendant honored all legal duties as Executor of the Estate as there is no record of his having prepared an accounting nor having sought approval of the court to make distribution of the Estate's assets.

11) There is no record of the Defendant having sought the execution of releases and refunding bonds as part of his administration of the Estate.

12) Without rhyme or reason, as part of his administration of the Estate, Defendant deposited Arnold's share of the Estate into a joint brokerage account (with right of survivorship) in the names of Arnold and Defendant at Morgan Stanley (the "Joint Account").

13) Likewise, as part of his administration of the Estate, Defendant placed *his* share of the Estate into a brokerage account with solely his name (and his wife) on the account.

14) Defendant made no personal contributions to the Joint Account.

15) On or about July 1, 2021, Arnold Lemoine executed a Last Will and Testament (the "Arnold Will"), prepared by Genora Rosypal, Esquire, ("Rosypal").

16) The Arnold Will made provisions for both of Arnold's sons, having made no reference to the Joint Account.

17) The Arnold Will made no mention of having made any provision for anyone other than Arnold's sons.

18) Defendant was neither a primary beneficiary nor a secondary beneficiary under the Arnold Will.

19) The Arnold Will is suggestive to the idea that there was a positive loving relationship by and amongst Decedent and his sons.

20) Rosypal has/had no knowledge of the Joint Account.

21) Rosypal has/had no reason to believe that Decedent intended for Decedent's assets to pass to anyone other than his sons.

22) Rosypal has/had every reason to believe that Decedent and his sons shared a positive loving relationship.

23) Decedent over the course of the many years preceding his death had on occasion made use of an accountant (the "Accountant" or "Jean").

24) The Accountant's name is/was Jean Cordasco.

25) Jean has/had no knowledge of the Joint Account, but often, in preparing Arnold's tax return, had occasion to review documents associated therewith and had no knowledge of the Joint Account with right of survivorship designation.

26) Jean has/had no reason to believe that Decedent intended for Decedent's assets to pass to anyone other than his sons.

27) Jean has/had every reason to believe that Decedent and his sons shared a positive loving relationship.

28) Prior to his business relationship with Jean, the Decedent maintained a business accounting relationship with CJ Wade ("Wade").

29) Wade served as Decedent's accountant prior to Jean.

30) On information and belief, Wade had no knowledge of the Joint Account or that Decedent had any intention to leave anything to Decedent's brother.

31) On information and belief, Wade has/had every reason to believe that Decedent shared a loving positive relationship with Decedent's sons.

32) On information and belief, Wade was well aware that Decedent was very conscious of asset protection issues and was concerned about protecting his inheritance from potential creditors.

33) Defendant, as sibling to Decedent, maintained a confidential relationship with Decedent.

34) Defendant, in a breach of his fiduciary duty to the Estate of Mary Lemoine, used his position as Executor to the Estate of Mary Lemoine and his familial relationship with Decedent to deprive the Plaintiff (the Estate of Arnold Lemoine and by association, the two heirs at law, Jeff Lemoine and his brother) of their rightful inheritance.

**COUNT ONE**

35) Plaintiff hereby incorporates, by reference, paragraphs one (1) through thirty four (34).

36) Decedent had a confidential family relationship with the Defendant, as brothers.

37) Decedent placed trust in Defendant, in his position as Executor to the Estate of Mary Lemoine, allowing him to be responsible for the safekeeping of her assets, including checking accounts, savings accounts, investment accounts and other property, real, personal or mixed.

38) As a result of the above kinship and given Decedent's trusting nature, Defendant knew or had reason to know that Decedent placed great trust and confidence in Defendant and relied on Defendant to honor the wishes set forth in the Last Will and Testament of their Mother.

39) On or about mid 2017, Defendant funded the Joint Account using proceeds from the Estate of Mary Lemoine that were earmarked solely for Decedent.

40) Defendant knew or had reason to know that Decedent did not understand the nature of the transaction in which Decedent was asked to engage, nor did Defendant take time to explain or alert Decedent to the fact that the account being established was Joint with right of survivorship as to Defendant.

41) Defendant further knew or had reason to know that Decedent would offer no objection given his trust in his brother in administering their Mother's Estate.

42) Defendant took advantage of the confidence and trust that Decedent placed in him, exerted undue influence over Decedent, and took advantage of Decedent's lack of specialized knowledge in business and financial matters.

43) In doing all the things alleged, Defendant has acted willfully and knowingly, and is guilty of a wanton disregard of the rights of Decedent and the Plaintiff.

44) In attempting to discern the nature and manner in which the Joint Account was established; the extent and validity of Defendant's interest in the Joint Account, and the nature of the undue influence exerted upon the Decedent, the Plaintiff was forced to incur substantial attorney's fees.

**WHEREFORE,** Plaintiff demands Judgment:

A) Declaring the Joint Account null and void;

B) Ordering Defendant to return the $1,250,000.00 plus interest to the Estate of Decedent free and clear;

C) Assessing Attorney's fees incurred by Plaintiff in the context of the action to unearth the Undue Influence and

D) Assessing the Attorney's fees incurred by virtue of the current action and costs of suit and

E) Ordering such other and further relief as the Court may deem equitable and just.

## COUNT TWO

45) Plaintiff hereby incorporates, by reference, paragraphs one (1) through one forty four (44), as if set forth in full herein.

46) Defendant used his sibling relationship with Decedent to gain Decedent's trust and confidence and thereby offered to help Decedent handle his personal affairs and to handle the administration of their mother's estate.

47) In helping to handle Decedent's personal affairs, Defendant used his position of trust and confidence to obtain and create bank accounts, brokerage accounts and such, in Decedent's name, all in an effort to siphon funds from Decedent's bank and investment accounts, and to illegally fund the Joint Account, all without Decedent's knowledge or consent.

48) By virtue of Defendant's relationship with Decedent, Defendant owed Decedent, and thereby his heirs and successors, a fiduciary duty, and by virtue of Decedent having placed confidence in the fidelity and integrity of Defendant, in entrusting Defendant with the authority to handle his personal and financial affairs, a confidential relationship existed at all times mentioned between Decedent and Defendant.

49) Despite having voluntarily accepted the trust and confidence reposed in him by Decedent with regard to Decedent's personal and financial affairs, and in violation of this

relationship of trust and confidence, Defendant abused the trust and confidence of Decedent by integrating himself into what was solely Decedent's inheritance.

50) Defendant committed the above acts with the intent to deceive and defraud Decedent and thereafter the Plaintiff (the Estate and Jeff Lemoine and his brother) as the intended beneficiary thereof by funding the Joint Account with rights of survivorship with monies solely earmarked for Decedent.

51) As a result of the alleged fraud, deceit and willful action of Defendant, Plaintiff has been damaged in an amount to be determined.

52) The aforementioned conduct of Defendant was an intentional misrepresentation, deceit or concealment of material facts known to Defendant with the intention on the part of Defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

**WHEREFORE**, Plaintiff, demands Judgment:

A) For general damages, in an amount to be determined;

B) For punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar conduct;

C) For Attorney's fees and costs of suit and

D) Ordering such other and further relief as the Court may deem equitable and just.

**COUNT THREE**

53) Plaintiff hereby incorporates, by reference, paragraphs one (1) through fifty two (52) and realleges the allegations contained in the preceding Counts and includes the same herein of as if more fully and particularly set forth in full herein.

54) Plaintiff is informed and believes, and thereupon alleges that, since Decedent's death, Defendant was paid the totality of what should have been Decedent's sole aspect of his inheritance from the Estate of Mary Lemoine, and Defendant has since deprived Decedent's sons from their rightful and intended inheritance from their father.

55) As a proximate result of Defendant's conversion, Plaintiff has suffered damages, including but not limited to, prejudgment interest on all funds that Plaintiff is legally entitled thereto.

56) Defendant's acts alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

**WHEREFORE**, Plaintiff demands Judgment:

A) For general damages, in an amount to be determined at Trial;

B) For punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar conduct;

C) For Attorney's fees and costs of suit and

D) Ordering such other and further relief as the Court may deem equitable and just.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendant for compensatory, consequential,

pecuniary and punitive damages, together with attorneys' fees, costs of litigation and such other relief as this Court deems just and proper.

Dated: December 25, 2022                              /s/Joel L. Schwartz
                                                     Joel Schwartz, Esquire
                                                     Attorney for Plaintiff